UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRUCE STIPE (#152145)                         CIVIL ACTION

VERSUS

SETH SMITH, ET AL.                         NO. 10-0576-BAJ-CN

## O R D E R

This matter comes before the Court on the plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, rec.doc.no. 46. The plaintiff has also filed a "Motion to Inform the Court of Retaliation", rec.doc.no. 54, which the Court interprets to be a supplemental request for injunctive relief.

The pro se plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Seth Smith, Charlene Haydel, Dr. John Prejean, Nurse Denise Harris, Lt.Col. Durbin, Dr. Cindy Park, Ass't Warden Greg Mckey, Major Grimes, and Lt. Patrick Cockran, complaining that his constitutional rights were violated on June 11, 2010, when he was forced to occupy a top bunk in his prison cell, notwithstanding that he suffers with a seizure disorder, and that he suffered injuries in a fall which occurred on that date. The plaintiff further complains that the defendants thereafter failed to provide him with appropriate medical attention for his injuries.

In the instant motion for injunctive relief, the plaintiff now asserts that certain prison officials, namely Lt. Priddy, Major Lacoste, and members of the EHCC pharmaceutical staff, none of whom are named as defendants herein, have failed or refused to provide the plaintiff with his needed seizure medication. In addition, the plaintiff complains that

Lt. Priddy is retaliating against him and is trying to cause him harm. The plaintiff has allegedly brought this situation to the attention of a Major Brown (not named as a defendant herein), but nothing has been done to correct the problem. Finally, the plaintiff complains that he has not been receiving physical therapy for continuing complaints of pain and that there is "an increasing risk that I could hurt my shoulder, hip, leg and neck, due to lack of medical care."

The Court finds that the plaintiff's motion is lacking in sufficient factual detail and sufficient allegations of actual or irreparable harm or injury as would support a finding that injunctive relief should be granted. Not only are the plaintiff's current complaints substantially separated by passage of time from the accident and injury of June, 2010, which forms the underlying basis for this cause of action, but the persons who are now allegedly failing or refusing to provide him with medical care are not even named as defendants herein. Finally, there is insufficient information provided which would allow the Court to evaluate the seriousness of the plaintiff's medical condition or the likelihood of any injury or harm which may result from the alleged failure to provide him with the medication or care which he desires. It appears, therefore, that the plaintiff's claims are susceptible of being adequately addressed in a separate proceeding and that his request for injunctive relief should be denied. Specifically, the plaintiff has failed to establish, with any degree of certainty, any of the four elements warranting such relief at the present time: (1) a likelihood of irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and his Motion to Inform the Court of Retaliation, rec.doc.nos. 46 and 54, be and they are hereby **DENIED**.

Baton Rouge, Louisiana, this \_\_\_5th\_\_\_ day of January, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE