**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BRUCE STIPE (#152145)**                                                    **CIVIL ACTION**

**VERSUS**

**SETH SMITH, ET AL.**                                                       **NO. 10-0576-BAJ-CN**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, July 7, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

BRUCE STIPE (#152145)                                    CIVIL ACTION

VERSUS

SETH SMITH, ET AL.                                       NO. 10-0576-BAJ-CN

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

This matter comes before the Court on the defendants' Motion to Dismiss With Prejudice as Rule 11 Sanction, rec.doc.no. 86.  This motion is opposed.

The pro se plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Dpty Warden Seth Smith, Ass't Warden Charlene Haydel, Dr. John Prejean, Nurse Denise Harrison, Lt.Col. Kevin Durbin, Dr. Cindy Park, Ass't Warden Greg McKey, Major Troy Grimes, and Lt. Patrick Cochran,[1] complaining that his constitutional rights have been violated by the defendants' failure to assign him to a bottom bunk, notwithstanding that he suffers with a seizure disorder. He asserts that, as a result, he suffered injuries in a fall from the top bunk which occurred on June 11, 2010.  The plaintiff further complains that the defendants thereafter failed to provide him with appropriate medical attention for his resulting injuries.

On November 12, 2010, pursuant to Order of this Court, the defendants filed into the record of this proceeding, and provided to the plaintiff, copies of documents pertinent to the issues in this case.  <u>See</u> attachments to rec.doc.no. 25.  Included in these documents were certified copies of the plaintiff's administrative remedy proceedings,

---

[1]    In his original Complaint, the plaintiff provided incomplete or misspelled names for certain of the defendants, and the Court has utilized the full and correct names provided by the defendants in their responsive pleadings.

which included copies of the Daily Activity Log Sheets for tiers A, B, C and D of the Beaver 5 housing unit at EHCC. Rec.doc.nos. 25-1, pp. 16-19. These Log Sheets appear to reflect that the plaintiff was assigned to a bottom bunk on the date of the accident complained of, June 11, 2010, and that the cell he was in was not occupied by a co-inmate on that date. As might be imagined, the question whether the plaintiff was assigned to a top or bottom bunk on the date of the alleged accident is of critical importance in this case. The plaintiff has repeatedly asserted in this case that he was assigned to a top bunk on the date of this accident.

On April 12, 2011, the plaintiff filed into the record of this proceeding exhibits which he asserts "will prove plaintiff slept in the top bunk before and after the incident." See attachments to rec.doc.no. 77. These exhibits also purport to be Daily Activity Log Sheets for the Beaver housing unit at EHCC on the date of the accident (and on another date in April, 2011), and appear to show the plaintiff's assignment to a lower bunk on these dates. These documents, however, are blatant forgeries, and it is on the basis of these forged documents that the defendants now seek the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. A perusal of these documents by even an untrained eye makes clear that the plaintiff has taken the original Daily Log Sheets filed by the defendants (at rec.doc.no. 25) and altered several of them to make them appear to reflect his assignment to a lower bunk on June 11, 2010. Not only is the forgery apparent from a side-by-side comparison between the documents provided by the defendants and the "exhibits" provided by the plaintiff, but the plaintiff's "exhibits" even bear the Court's Docket Sheet Notations which show that they were originally filed into the record of this proceeding on November

12, 2010, at rec.doc.no. 25.  From a side-by-side comparison, together with a review of the Docket Sheet Notations, it is clear that the plaintiff has taken and altered the original C Tier Log Sheet (to which Tier he was assigned on the date of the accident) by obscuring his name in the box showing a lower bunk assignment, and writing in his name in a box purporting to show an upper bunk assignment.  <u>Compare</u> rec.doc.no. 25-1 at p. 17 <u>with</u> rec.doc.no. 77 at p. 5.  In addition, it appears that the plaintiff has also taken and altered the original D Tier Log Sheet by changing the "D" to a "C" and by writing in his name in a box purporting to show an upper bunk assignment.  <u>Compare</u> rec.doc.no. 25-1 at p. 18 <u>with</u> rec.doc.no. 77 and p. 2.  Finally, it appears that the plaintiff has taken and altered the original A Tier Log Sheet by changing the date from June 11, 2010, to April 11, 2011, and by writing in his name in a box purporting to show an upper bunk assignment.  These forgeries are even more apparent from a review of un-redacted Log Sheets for Tiers A-D of the EHCC Beaver 5 housing unit which have been filed under seal by the defendants, <u>see</u> attachments to rec.doc.no. 85.  It is not necessary for the Court to review these un-redacted Log Sheets, however, in order to discern the obviousness of the forgeries.

Rule 11(b) of the Federal Rules of Civil Procedure provides that:

By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted ...;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary

support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Although the plaintiff is proceeding in this case pro se, the Rule makes explicitly clear that it applies equally to attorneys and to unrepresented parties. See Hicks v. Bexar County, Texas, 973 F.Supp. 653 (W.D. Tex., 1997), aff'd, 137 F.3d 1352 (5th Cir. 1998) ("The Fifth Circuit has made it clear that Rule 11 applies fully and completely to actions filed by pro se litigants."). The Rule requires that a party initiate a motion for sanctions separately from other motions or requests and that the motion describe the specific conduct alleged to violate subdivision (b). Rule 11(c)(2). The motion shall be served on the offending party but "must not be filed or presented to the Court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." Id.

In the instant case, the defendants have certified that they sent the plaintiff correspondence on May 13, 2011, warning him that they intended to seek sanctions unless he withdrew the offending exhibits, and attached to their correspondence a copy of the proposed Rule 11 motion. When the plaintiff did not withdraw the offending exhibits within 21 days, and instead filed pleadings with the Court accusing the defendants of themselves falsifying the referenced Log Sheets, see rec.doc.nos. 82 and 83, the defendants filed the instant Rule 11 motion with this Court on June 14, 2011. The defendants, therefore, have complied with the procedural requirements of Rule 11(c)(1)(A).

The purpose of Rule 11 is "to deter baseless filings in district court and thus, ... streamline the administration and procedure of the

federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110

S.Ct. 2447, 110 L.Ed.2d 359 (1990). The Rule applies to every pleading,

written motion, or other paper submitted to the Court. Thomas v. Capital

Sec. Services, Inc., 836 F.2d 866 (5th cir. 1988) (en banc). When an

unrepresented party submits a pleading to the Court, therefore, he

certifies to the best of his knowledge, information, and belief that the

pleading is not interposed for any improper purpose and that the litigant

has conducted a reasonable inquiry into the factual allegations and

denials which support the pleading. Childs v. State Farm Mut. Auto. Ins.

Co., 29 F.3d 1018 (5th Cir. 1994). See also American Airlines, Inc. v.

Allied Pilots Ass'n, 968 F.2d 523 (5th Cir. 1992) (recognizing three ways

in which a filing may violate Rule 11: inadequate legal support,

inadequate factual support, and improper purpose). The Court applies an

objective, not subjective, standard of reasonableness to determine

whether a party has violated Rule 11. See Childs, supra.

Once a Court finds that counsel or an unrepresented party has

violated Rule 11, the Court has discretion to impose an appropriate

sanction. Although the discretion in fashioning an appropriate sanction

is broad, the sanction imposed should be the "least severe sanction"

adequate to deter future violations of Rule 11. See Merriman v. Security

Ins. Co. of Hartford, 100 F.3d 1187 (5th Cir. 1996). The purpose of Rule

11 is to deter rather than to compensate. See Fed. R. Civ. P. 11 Adv.

Comm. Notes. Sanctions may be monetary or nonmonetary and may include

striking the offending exhibit or dismissal of a claim or defense. Id.

In determining whether to impose a sanction, the Court should consider:

> [w]hether the improper conduct was willful, or negligent; whether
> it was a pattern of activity, or an isolated event; whether it
> infected the entire pleading, or only one particular count or
> defense; whether the person has engaged in similar conduct in other
> litigation; whether it was intended to injure, what effect it had

on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; [and] what amount is needed to deter similar activity by other litigants.

Fed. R. Civ. P. 11 Adv. Comm. Notes.

The plaintiff has clearly violated Rule 11 in this case. Certainly, the submission of a forged document to the Court is not objectively reasonable and involves conduct which may be interpreted as having an improper purpose. Further, such conduct involves more than a mere failure to conduct a reasonable inquiry into the facts and, instead, involves a conscious attempt to fraudulently mislead the Court and the opposing parties. Considering the above factors, the Court concludes that a serious sanction should be imposed against the plaintiff. It appears that his conduct in submitting the forged documents was willful and calculating. Further, it represents a pattern of activity on the part of the plaintiff inasmuch as, after he was notified by the defendants of the proposed filing of the instant Rule 11 motion, he failed to withdraw the offending exhibits and, instead, has compounded his misconduct by resubmitting the offending documents to the Court, see rec.doc.nos. 82 and 88, and by accusing the defendants of themselves altering the referenced documents. In addition, the filing of the forged documents seeks to impugn the integrity of the entire judicial process inasmuch as it is directed to one of the central issues in this case, i.e., whether the plaintiff was assigned to an upper bunk on the date of the accident complained of, and seeks to compel the defendants and the Court to expend substantial time and judicial resources in defending against the false and fraudulent assertions purportedly contained in the forged documents. Finally, although the plaintiff is not trained in the law, even a layman can be said to know that submitting an intentionally

forged document to a federal court in an attempt to obtain monetary gain is reprehensible conduct which is not supportable under any legal theory or argument. Accordingly, it appears clear that a minor or insignificant sanction would not serve the purposes of Rule 11 in this case.

In addition, the Court is of the opinion that a monetary sanction is not appropriate in this case. The plaintiff was granted leave to proceed in forma pauperis at the commencement of this proceeding and, since that time, has paid no part of the assessed filing fee in the amount of $350.00. In addition, he has filed Statements of Account reflecting that he carries a substantial debt at EHCC and that there is no reasonable likelihood of his being able to satisfy any monetary sanction which may be imposed. <u>See</u> rec.doc.nos. 2 and 28. Clearly, therefore, inasmuch as the imposition of a monetary sanction which results in no detriment or liability in fact is no sanction at all, a monetary sanction would have little impact upon this plaintiff.

Accordingly, inasmuch as a monetary sanction is not appropriate, the Court believes it appropriate, in order to deter this and other inmate plaintiffs from submitting altered or forged documents to the Court in support of their claims, to deem established that which the plaintiff has attempted to disprove with the offending documents. In other words, the Court believes it appropriate to deem proven in this case, that on the date of accident complained of, June 11, 2010, the plaintiff was assigned to a lower bunk on Tier C at the EHCC Beaver 5 housing unit and was on that date housed in a cell which was not occupied by a co-inmate. Anything less would not serve to send to the plaintiff the stern admonition that this Court will not, under any circumstances, condone the use of false, altered, forged or fraudulent exhibits in support of claims

asserted herein.[2]

RECOMMENDATION

It is recommended that the defendants' Motion to Dismiss with Prejudice as Rule 11 Sanction, rec.doc.no. 86, be granted in part, such that the plaintiff be sanctioned for submitting willfully forged and altered documents to the Court in support of his claims and that this sanction take the form of establishing as proven in this case that on the date of the accident complained of, June 11, 2010, the plaintiff was assigned to a lower bunk on Tier C at the EHCC Beaver 5 housing unit and was on that date housed in a cell which was not occupied by a co-inmate. It is further recommended that this action be referred back for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, July 7, 2011.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] Whereas notice and an opportunity to respond is normally appropriate before sanctions may be imposed, the plaintiff has been provided with same because he has had an opportunity to respond to the defendants' Rule 11 motion and, now, has an opportunity to object to the instant Recommendation.